BIRDSEYE v. LAKE SUPERIOR SHIP CANAL, R. & I. CO. See Case No. 13,643.

## Case No. 1,438.

BISCHOFF et al. v. MAXWELL.

[4 Blatchf. 384;[1] 19 How. Pr. 191.]

Circuit Court, S. D. New York. Oct. 15, 1859.

CUSTOMS DUTIES—TARIFF ACT JULY 30, 1846— UNDERVALUATION—PENALTY.

1. Under the 8th section of the tariff act of July 30th, 1846, (9 Stat. 43,) where goods are imported by their manufacturer, they are not subject to an additional duty or penalty of 20 per cent. of their value, for undervaluation in the invoice.

2. But, in such case, they are subject, under the 17th section of the tariff act of August 30th, 1842, (5 Stat. 564,) to a penalty of 50 per cent. of the duty.

At law. This was an action [by Christopher Bischoff and others] against [Hugh Max-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

well] the collector of the port of New York, to recover back a penalty of 20 per cent. on the value of the goods, exacted, under protest, for the undervaluation of silks, on their entry at the custom-house. It was claimed, that the imposition of the penalty, which amounted to $598.20, was warranted by the 8th section of the act of July 30th, 1846, (9 Stat. 43.)

Almon W. Griswold, for plaintiffs.
Charles H. Hunt, Asst. Dist. Atty., for defendant.

NELSON, Circuit Justice. The ground upon which this suit is sought to be sustained is, that the goods were imported by the manufacturers, and that the case is, therefore, not within the 8th section of the act of July 30th, 1846, as that is limited to importations of goods purchased. The fact appears, from the oath of one of the plaintiffs, on the original invoice, certified by the counsel, that they were the manufacturers, and must have come under the notice of the collector, and the appraisers at the customs must be deemed to have been advised of it. It is, also, fully confirmed by the evidence on the trial. Protest was duly made against the payment of the penalty, and the exaction was, therefore, not warranted by law. But the case falls within the 17th section of the tariff act of August 30th, 1842, (5 Stat. 564,) which imposes, for undervaluation, a penalty of 50 per cent. of the duty. The plaintiffs are, therefore, entitled only to the amount exacted, after deducting the 50 per cent. penalty, with interest. The clerk will settle the amount for which judgment is to be entered, if it be not agreed on by the counsel.